IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HORN LAKE CREEK BASIN**
**INTERCEPTOR SEWER DISTRICT AND**
**DESOTO COUNTY, MISSISSIPPI**                                **PLAINTIFFS**

**VERSUS**                                              **CAUSE NO. 3:19CV290-SA-JMV**

**CITY OF MEMPHIS, TENNESSEE**                                **DEFENDANT**

**ORDER GRANTING IN PART AND**
**DENYING IN PART MOTION TO STAY**

Before the Court are Defendant's motion to stay [31] and supporting memorandum [32], Plaintiffs' response [33] and supporting memorandum [34], and Defendant's reply [35] and supporting memorandum [36]. For the reasons discussed below, the motion to stay will be granted in part and denied in part.

**Procedural Status**

The instant motion seeks to have this Court stay all proceedings herein pending a decision on Defendant's Amended Motion to Change Venue *or, in the Alternative, to Dismiss for Improper Venue* [12]. In short, Defendant's venue motion seeks the transfer of this case to the Western District of Tennessee or, alternatively, its dismissal. In support of the motion to stay, Defendant points out that there is a similar—if not substantially the same—suit it filed as a declaratory judgment action in the Western District of Tennessee prior to filing this action. *See* Complaint for Declaratory Judgment attached as Ex. 1 to Def.'s Mot. to Stay. And, in that case a case management conference and case management order have recently been held/entered, respectively. On the other hand, it appears that while Defendant's motion to have the venue of

the instant case transferred to Tennessee is fully briefed, a parallel motion—filed by Plaintiffs herein in the Western District of Tennessee litigation to transfer that case to the Northern District of Mississippi—is not yet fully briefed.

**Law and Analysis**

District courts have the inherent authority to manage their dockets and stay proceedings. *Golden Rule Fasteners Inc. v. Neverleak Co., LP*, No. 3:17-cv-249-MPM-JMV, 2019 WL 257983, at *2 (N.D. Miss. Jan. 17, 2019) (citing *Peavey Elecs. Corp. v. Music Grp. Servs. US, Inc.*, No. 3:13-CV-934-HTW-LRA, 2014 WL 12323520, at *2 (S.D. Miss. Mar. 10, 2014)). In exercising this discretionary authority, courts "must weigh competing interests and maintain an even balance." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (citation omitted). Balancing these competing interests calls for a court to consider three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party[;] (2) whether a stay will simplify the issues in question and trial of the case[;] and (3) whether discovery is complete and whether a trial date has been set." *Peavey Elecs. Corp. v. Music Grp. Servs. US, Inc.*, No. 3:13-CV-934-HTW-LRA, 2014 WL 12323520, at *2 (S.D. Miss. Mar. 10, 2014) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660 (E.D. Tex. 2005)).

Applying these factors and considering the arguments raised in relation to the instant motion to stay, the Court finds fact discovery in this case—but not other proceedings (such as evidentiary rulings)—should be stayed until the earlier of 1) 9/30/20; 2) a decision on the Amended Motion to Change Venue or, in the Alternative, to Dismiss for Improper Venue by City of Memphis, Tennessee [12] (including a decision, if any, to defer such ruling to another court); **or** 3) a *sua sponte* determination by this Court that the limited stay is no longer necessary.

In essence the Court finds the discovery period in the parallel litigation in Tennessee was previously opened and is ongoing. Accordingly, duplication of fact discovery in this case would be wasteful of resources of all involved in these matters. Moreover, Defendant has represented to the Court in this action that any discovery in the Western District Tennessee action will be, at all times while this action is pending, usable in the instant case. Moreover, this limited stay has not been demonstrated to result in any undue prejudice or delay of the case or a tactical advantage. On this latter point, the undersigned notes, much as the magistrate judge in the Western District of Tennessee did "that by this order the parties do not gain or lose any advantage in so far as the pending motion to transfer or dismiss is concerned." Rather this order is made to avoid inefficiency and waste.

As noted, this order stays only fact discovery in this case—meaning it stays only initial discovery, interrogatories, requests for production and requests for admissions, site inspections, subpoenas, depositions, and motions for protective orders all as concerns facts as opposed to expert opinions. Further, rulings as to admissibility of evidence are not stayed, nor are dispositive motions, motions to amend to join parties, or any other motion not traditionally considered a discovery motion within the magistrate judge's jurisdiction to rule upon.

SO ORDERED this, the 29th day of May, 2020.

/s/ Jane M. Virden
U. S. Magistrate Judge